UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VESNA BIVOLAREVIC,<br><br>      Plaintiff,<br><br>  vs.<br><br>U.S. CIA,<br><br>      Defendant. | Case No: C 09-4620 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Docket 5, 36 |

Plaintiff Vesna Bivolarevic filed the instant pro se instant action against the CIA (presumably meaning the Central Intelligence Agency), alleging that she has been subjected to "voice to skull technology (in different forms) since . . . January 2005." Compl. at 1. The parties are presently before the Court on Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and Plaintiff's motion for leave to amend. Having read and considered the papers submitted, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiff's motion for leave to amend. Pursuant to Federal Rule of Civil Procedure 78(b), the Court resolves the motions without oral argument.

I. <u>BACKGROUND</u>

On September 30, 2009, Plaintiff filed the instant action against the CIA for monitoring her thoughts. The entirety of her claims consists of the following: "I have been a subject of a CIA voice to skull technology (in different forms) since I believe January 2005. I learned it is a mind control weapon, and this was imposed to me without my knowledge." Compl. at 1. As relief, she seeks the following:

> 1. I demand to stop now this constant direct speaking to my mind, and reading of my mind, which I believe is done also for the purpose of the U.S. Department of Defense to test and develop

> ultra sophisticated mind-altering technology (it is not working – example: as an enthusiastic biologist received co. award in 2007)
>
> 2. I demand to receive all relevant recordings and files U.S. CIA has accumulated since the beginning of this illegal experimentation
>
> 3. I demand monetary compensation in millions of dollars ($5,000.000 or more)
>
> 4. I demand the class action for all other potentially existing participants who are also being used as subjects without their knowledge for this mind control technology testings
>
> 5. I demand appropriate punishment for all those involved and responsible
>
> 6. I demand that these unethical, voice to skull experiments imposed onto Citizens without their knowledge and consent, and development of Mind control weapons are canceled as it is clear they violate basic Human rights.

Id. at 2.  Defendants filed a motion to dismiss under Rule 12(b)(1) on the ground that the Complaint is "patently insubstantial," and Rule 12(b)(6) for failure to state a claim.

On February 16, 2010, Plaintiff filed a motion for leave to amend, presumably under Rule 15.  The proposed First Amended Complaint elaborates on the "voice to skull" technology mentioned in her original complaint.  Specifically, Plaintiff explains that this technology works through the transmission of microwave transmissions "which can transmit sound into the skull of persons" and that it functions as a "mind-altering mechanism . . . based on a subliminal carrier technology system."  First Am. Compl. at 2.  She also claims that the CIA "makes [her] hear voices internally with the help of intracranial voice to skull absorption of microwave energy."  Id.  Plaintiff adds that "[t]his device is satellite powered – it never requires batteries."  Id.  The relief sought in the proposed amended complaint is largely the same as before, though she has now increased her demand from $5 million to $500 million.  Id. at 3.  Defendant opposes Plaintiff's request for leave to amend.

## II. DISCUSSION

### A. MOTION TO DISMISS

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction.  "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.  A

1  plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the
2  existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on
3  having the defect called to its attention or on discovering the same, must dismiss the case,
4  unless the defect be corrected by amendment." Tosco Corp. v. Communities for a Better
5  Environment, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).  A
6  federal court lacks jurisdiction to consider claims that are "essentially fictitious," "obviously
7  frivolous," or "obviously without merit."  Hagans v. Lavine, 415 U.S. 528, 537 (1974).  Thus,
8  "[a] claim may 'be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if
9  it is 'immaterial and are solely for the purpose of obtaining jurisdiction' or is 'wholly
10 insubstantial and frivolous.'"  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (citations
11 omitted); Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989) ("[a] patently insubstantial
12 complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of
13 Civil Procedure 12(b)(1)"); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A
14 paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction . . . .").

15          Here, Plaintiff alleges that the CIA has subjected her to "voice to skull technology"
16 which it is using as a "mind control weapon." Compl. at 1.  She has demanded that the CIA
17 cease "this constant direct speaking to [her] mind, and reading of [her] mind." Id. at 2.  These
18 are precisely the type of frivolous claims that are subject to dismissal for lack of jurisdiction.
19 See Best v. Kelly, 39 F.3d 328, 330-331 (D.C. Cir. 1994) (finding that claims that are
20 "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic
21 government manipulations of their will or mind [or] any sort of supernatural intervention.");
22 e.g., Newby v. Obama, --- F. Supp. 2d ---, 2010 WL 355149 (D. D.C.,  Feb. 2, 2010)
23 (dismissing as frivolous claims that President George W. Bush and his agents stalked plaintiff
24 and caused a Kinko's employee to shut down the copying machines to prevent her from filing a
25 mandamus application to enjoin the senate); Curran v. Holder, 626 F. Supp. 2d 30, 33 (D. D.C.
26 2009) ("claims relating to alleged government surveillance and harassment of her are the type
27 of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1)."); Yacoub v. United
28 States, 2007 WL 2745386 at *1 (W.D. Wash., Sept. 20, 2007) (dismissing as frivolous

plaintiff's claims that "defendants have used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions").[1] The Court therefore concludes that it lacks subject matter jurisdiction to consider Plaintiff's claims against the CIA.

### B.     LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2); Moss v. United States Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).  In addition, where, as here, a complaint has been dismissed at the pleading state, such dismissal generally should be with leave to amend unless it is clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).  Here, Plaintiff seeks add more details regarding the "voice to skull technology" that the CIA allegedly is using to read and control her thoughts.  Thus, rather curing the deficiencies in the original complaint, the proposed First Amended Complaint exacerbates them.  As such, the Court finds that leave to amend would be futile and denies Plaintiff's request to file an amended complaint.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend.").

### III.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's Rule 12(b)(1) motion to dismiss (Docket 5) is GRANTED.

2. Plaintiff's motion for leave to amend (Docket 54) is DENIED.

3. All pending court dates and deadlines are VACATED.

---

[1] Based on the nature of the allegations, the instant motion is more appropriately evaluated under Rule 12(b)(1) as opposed to Rule 12(b)(6).  See Ord v. Dist. of Columbia, 587 F.3d 1136, 1144 (D.C. Cir. 2009).

1     4.     The Clerk shall close the file and terminate any pending matters.

2     IT IS SO ORDERED.

3 Dated: March 5, 2010                        _____

4                                            SAUNDRA BROWN ARMSTRONG
                                           United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VESNA BIVOLAREVIC,

      Plaintiff,

 v.

U.S. CIA et al,

      Defendant.
_____/

Case Number: CV09-04620 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vesna Bivolarevic
P.O. Box 1056
Redwood City, CA 94064

Dated: March 8, 2010

                              Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk