UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VESNA BIVOLAREVIC,<br><br>    Plaintiff,<br><br>    vs.<br><br>U.S. CIA,<br><br>    Defendant. | Case No: C 09-4620 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |

On September 30, 2009, Plaintiff filed a pro se complaint against the CIA (presumably meaning the Central Intelligence Agency) alleging that she has been subjected to "voice to skull technology (in different forms) since . . . January 2005. I learned it is a mind control weapon, and this was imposed to me (sic) without my knowledge." Compl. at 1, Docket 1. On March 8, 2010, the Court granted Defendant's motion to dismiss, and denied Plaintiff's motion for reconsideration on March 15, 2010.

On June 2 and June 17, 2010, Plaintiff filed an "Affidavit in [sic] Request for Judge Saundra Armstrong's Disqualification to Proceed Therein." (Docket 69, 72.) The Court liberally construes these largely identical affidavits as a motion for recusal. Among other things, Plaintiff complains that the Court's bias is shown by its rescheduling of the case management conference to a different date and by ruling on Defendant's motion to dismiss without holding oral argument.

Title 28, United States Code, section 455(a), states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal also is authorized under 28 U.S.C. § 144, which provides that if "the judge before whom the matter is pending has a personal bias

1 or prejudice either against him or in favor of any adverse party, such judge shall proceed no
2 further . . . ." Under both recusal statutes, the salient question is whether a reasonable person
3 with knowledge of all the facts would conclude that the judge's impartiality might reasonably
4 be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

5   As an initial matter, Plaintiff's motion is moot. The Court previously granted
6 Defendant's motion to dismiss and denied Plaintiff's motion for reconsideration. Thus, there
7 are no further proceedings contemplated in this action that would involve this Court. That
8 notwithstanding, Plaintiff has failed to aver any legitimate grounds upon which a reasonable
9 person with knowledge of the action would question the Court's impartiality. With regard to
10 scheduling the case management conference, Plaintiff should be aware that the Court has
11 inherent discretion in managing its docket. See Landis v. N. Am. Co., 299 U.S. 248, 254
12 (1936). Likewise, the Court has the discretion to decide motions based on the papers filed.
13 Fed.R.Civ.P. 78(b). The remaining grounds for recusal (i.e., allegedly misspelling the
14 plaintiff's name on a clerk's notice) are frivolous as well. Accordingly,

   IT IS HEREBY ORDERED THAT Plaintiff's motion for recusal is DENIED.

   IT IS SO ORDERED.

Dated: June 21, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VESNA BIVOLAREVIC,

        Plaintiff,

  v.

U.S. CIA et al,

        Defendant.
                                            /

Case Number: CV09-04620 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vesna Bivolarevic
P.O. Box 1056
Redwood City, CA 94064

Dated: June 22, 2010

                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk